Tiran **DAVTYAN**; Laura Barseghyan, Petitioners,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 05–74760.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007 *.

Filed July 30, 2007.

Artem M. Sarian, Esq., Glendale, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., DOJ–U.S. Department of Justice, Civil Rights Division/Appellate Section, Kevin R. Amer, Esq.,

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

### MEMORANDUM **

Tiran Davtyan petitions for review of the Board of Immigration Appeals' ("BIA") decision, which adopted and affirmed the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence support's the IJ's adverse credibility determination. *Abebe v. Gonzales,* 432 F.3d 1037, 1039–40 (9th Cir.2005) (en banc) ("[W]hen the BIA adopts the decision of the IJ, we review the IJ's decision as if it were that of the BIA."). The IJ pointed to numerous "specific, cogent" discrepancies and omissions that went "to the heart of petitioner's claim." *Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004). Petitioners' testimony regarding the contents of a police report, the timing of threatening phone calls, and their reasons for attending a protest are either implausible or are contradicted elsewhere in the record. The record also supports the IJ's finding that petitioners embellished their claim by adding substantial and previously omitted details to their testimony as the case proceeded. The repeated and significant inconsistencies in petitioners' testimony deprive their claim of the requisite "ring of truth." *Kaur v.*

*Gonzales,* 418 F.3d 1061, 1067 (9th Cir. 2005).

The IJ specifically and cogently referred to aspects of petitioners' demeanor that further undermine their credibility. *See Arulampalam v. Ashcroft,* 353 F.3d 679, 686 (9th Cir.2003).

Because Davtyan is ineligible for asylum, he necessarily fails to demonstrate eligibility for withholding of removal. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Davtyan's claim under the CAT is based on the same evidence as his asylum claim, he is ineligible for CAT relief as well. *Id.* at 1156–57.

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Davtyan's wife, Laura Barseghyan, has filed a derivative asylum petition.